Shattuck
v.
Chamberlin.

General demurrer and joinder.

*C. M. Lee*, in support of the demurrer, relied on what this Court said in *Andrews* v. *Montgomery*, (19 John. Rep. 162, 165,) viz. that assumpsit can not be supported where there has been an express contract, under seal; but the party must proceed in debt or covenant.

*Z. A. Leland*, contra, cited *Fenner* v. *Meares*, (2 Bl. Rep. 1269,) and Cowen's Treatise, 35.

SAVAGE, Ch. J. remarked, that what was said by the Court in the authority cited by the defendant's counsel, was intended of a case where the action was brought by the party to the specialty. And the whole Court were clear, that the action was sustainable, being on a promise to the assignee.

Judgment for the plaintiff.

---

## SHATTUCK *against* CHAMBERLIN.

An offer of costs, on stipulating to try a cause, should be made to the defendant's attorney, not to his counsel

THIS cause being at issue, the plaintiff noticed it for trial; but neglected to bring it on at the circuit, his attorney tendered a stipulation to try at the next circuit, to the counsel for the defendant, and offered to pay the costs; notwithstanding which,

*Z. A. Leland*, now moved for judgment as in case of nonsuit, on the ground that the offer to pay costs should have been made to the attorney.

*W. M. Oliver*, contra.

*Curia.* The offer to pay costs was insufficient, as being made to the defendant's counsel. It should have been to the attorney. He, alone, is in general able to know the amount of the costs, and authorized to receive them. The motion must be granted, unless the plaintiff stipulate.

Rule accordingly.