**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edwin ELGERSMA, Defendant–
Appellant.**

**No. 91–30471.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1992 *.

Decided Nov. 10, 1992.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Gregory A. Jackson, Jackson & Rice, Helena, Mont., for defendant-appellant.

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff-appellee.

Before: TANG, PREGERSON, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Edwin C. Elgersma appeals from the district court's denial of his motion to dismiss a second superceding indictment in the District Court for the District of Montana (Montana indictment) charging him with racketeering conspiracy, racketeering, money laundering, illicit monetary transactions, illicit interstate travel, bank fraud, investment of drug profits, conspiracy to invest drug profits, bribery, and structuring illegal financial transactions. Elgersma argues that the Montana prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment because (1) the Montana indictment charges him with the same conduct for which he was convicted in the District Court for the Middle District of Florida (Florida indictment); (2) the Montana and Florida indictments divide a single conspiracy into multiple prosecutions; and (3) the doctrine of collateral estoppel prohibits subsequent litigation of issues that have been finally determined. We affirm because we conclude that Elgersma has not been placed in double jeopardy, and the doctrine of collateral estoppel is not applicable under these facts. We also hold that a single conspiracy was not divided into multiple prosecutions.

## I.

A federal grand jury, in the District Court for the Middle District of Florida, returned an indictment charging Elgersma and other defendants with multiple violations relating to the importation of cocaine. In a superceding indictment, filed May 25, 1989, the grand jury charged Elgersma with thirteen crimes including continuing criminal enterprise in violation of 21 U.S.C. §§ 841(a)(1), 846, 848(b)(1) and (b)(2)(A), 952, 953, and 963; conspiracy to import cocaine in violation of 21 U.S.C. §§ 952 and 963; conspiracy to possess with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846; importation of cocaine in violation of 21 U.S.C. § 952; and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The indictment also sought forfeiture of personal property and real property in Florida and Montana pursuant to 21 U.S.C. § 853.

The continuing criminal enterprise (CCE) count in the Florida indictment alleged that criminal acts occurred between August of 1985 and May 24, 1989. The other twelve counts that name Elgersma refer to the importation and possession of cocaine that occurred between March and July 1988.

On July 31, 1989, a jury found Elgersma guilty on all counts. Elgersma is presently serving a thirty-year sentence. In addition, the District Court for the Middle District of Florida ordered Elgersma to forfeit his residence and 180 acres of land in Montana.

On January 18, 1991, a federal grand jury in the District Court for the District of Montana, indicted Elgersma and codefendants for multiple counts related to racketeering. Elgersma and Robert Serry were the only persons named in the Montana indictment who were also indicted in the District Court for the Middle District of Florida. In a second superceding indictment filed June 21, 1991, the grand jury charged Elgersma with the following crimes: racketeering conspiracy in violation of 18 U.S.C. § 1962(d); racketeering in violation of 18 U.S.C. § 1962(c); money laundering in violation of 18 U.S.C. § 1956; racketeering transactions in violation of 18

U.S.C. § 1957; interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952; bank fraud in violation of 18 U.S.C. § 1344; investment of drug profits in violation of 21 U.S.C. § 854; conspiracy to invest drug profits in violation of 21 U.S.C. §§ 846 and 854; bribery of a bank officer in violation of 18 U.S.C. § 215; and illegal structuring financial transactions in violation of 31 U.S.C. § 5324.

The racketeering and racketeering conspiracy charges allege conduct between 1986 and 1989. The other criminal activities allegedly occurred between 1987 and the date of the indictment.

Elgersma filed a motion to dismiss the Montana indictment. He alleged, *inter alia*, that prosecution under the Montana indictment was barred by double jeopardy and collateral estoppel. The United States District Court for the District of Montana denied the motion.

## II.

We review *de novo*, the denial of a motion to dismiss an indictment on double jeopardy grounds. *United States v. Lun*, 944 F.2d 642, 644 (9th Cir.1991). We also review the applicability of collateral estoppel in this matter independently and without deference to the district court's reasoning. *United States v. Seley*, 957 F.2d 717, 720 (9th Cir.1992). In reviewing a decision of the district court, we may affirm on any ground that finds support in the record. *Kruso v. Int'l. Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).

## III.

The double jeopardy clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Grady v. Corbin*, 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990) (quoting *North Carolina v. Pearce*,

395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)).

Elgersma argues that prosecution under the Montana indictment is barred by the double jeopardy principle announced by the Supreme Court's decision in *Grady v. Corbin.* The Court instructed in *Grady,* that a federal court faced with double jeopardy challenge must first apply the traditional *Blockburger* "same element" test. *Id.* Under the "same element" test, a court must consider whether one prosecution "requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "If application of [the same element] test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Grady,* 495 U.S. at 516, 110 S.Ct. at 2090. A double jeopardy inquiry does not end, however, with "a technical comparison of the elements of the two offenses as required by *Blockburger ...*" *Id.* at 520, 110 S.Ct. at 2093. The Court explained in *Grady* that

> the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, *not the evidence the State will use to prove that conduct.*

Id. at 521, 110 S.Ct. at 2093. (emphasis added) (footnotes omitted).

In *Grady,* the state sought to prosecute the defendant on vehicular homicide and assault charges arising from a fatal automobile accident. *Id.* at 513, 110 S.Ct. at 2088. The bill of particulars alleged that the accused drove a motor vehicle while intoxicated and failed to keep to the right of the median in order to establish the element of recklessness required to prove the crime of vehicular homicide. *Id.* at 513–14, 110 S.Ct. at 2088–89. Prior to the

filing of the vehicular homicide and assault charges, the defendant entered a plea of guilty to driving while intoxicated and failing to keep to the right of the median filed in connection with the same incident. *Id.* at 511–12, 110 S.Ct. at 2087–88. Corbin filed a petition for a writ of prohibition to bar the prosecution of charges based on the Double Jeopardy Clause. The state trial court denied Corbin's petition. The New York Court of Appeals reversed. *Id.* at 514, 110 S.Ct. at 2089.

The United States Supreme Court concluded that the vehicular homicide and assault charges survived the *Blockburger* test because the elements of the misdemeanor charges and the homicide and assault charges were different. *Id.* at 522, 110 S.Ct. at 2093. The Court recognized in *Grady* that the "same element" test could allow the Government repeatedly to prosecute a defendant for the same conduct, as long as each subsequent prosecution requires proof of at least a single additional fact that the previous prosecution did not. *Id.* at 515, 110 S.Ct. at 2089. The Court also noted that a mere comparison of the elements of the offenses in successive prosecutions permits other abuses. *Id.* at 518, 110 S.Ct. at 2091. The Government could use its vast resources and power repeatedly to attempt to convict an individual who may not be able to afford the cost of defending himself in successive prosecutions. *Id.* The Government also has the opportunity to "rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the offenses charged." *Id.*

As a result of these "independent concerns," the Court in *Grady,* turned to an examination of the conduct charged in the indictment and ruled that the vehicular homicide and assault charges were barred by double jeopardy. *Id.* at 523, 110 S.Ct. at 2094. Applying a "same conduct" test, the Court reasoned that in order to prove recklessness, an essential element of the homicide and assault charges, the state would be required to rely on the defendant's conduct in driving his vehicle while intoxicated and failing to keep to the right of the median. *Id.* at 523, 110 S.Ct. at 2094. The

Court held that because the accused had previously pleaded guilty to this conduct, prosecution for vehicular homicide and assault violated the Double Jeopardy Clause. *Id.*

■ Elgersma asserts that the "same conduct" test bars prosecution under the Montana indictment because he was previously convicted of drug trafficking under the Florida indictment. He argues that the conduct alleged in the Montana indictment violates federal law only if the Government can prove that he received money from the drug trafficking conduct for which he was prosecuted under the Florida indictment. Elgersma maintains that because the same conduct must be demonstrated to prove the crimes alleged in the Montana indictment, prosecution is barred under *Grady.* We disagree.

In *Grady,* the Court reasoned that "the presentation of specific evidence in one trial does not forever prevent the government from introducing the same evidence in a subsequent proceeding." *Id.* at 521–22, 110 S.Ct. at 2093. In prosecuting Elgersma under the Montana indictment, the Government will rely on *evidence* used in the Florida prosecution to prove discrete conduct. In the proceedings brought pursuant to the Florida indictment, the Government prosecuted Elgersma for his conduct in importing and distributing cocaine. In the prosecution pursuant to the Montana indictment, the Government seeks to punish Elgersma for alleged racketeering, money laundering, and bank fraud conduct. Assuming that the Government will be required to prove Elgersma's knowledge that the money used in the transactions originated from illegal activities to support a conclusion pursuant to the charges in the Montana indictment, use of that evidence will not bar successive prosecutions under *Grady.* If Elgersma is convicted of the charges contained in the Montana indictment, he will be punished for conduct involving money laundering, racketeering, and bank fraud. The district court did not err in holding that the "same conduct" test does not bar prosecution under the Montana indictment.

## IV.

■ Elgersma also argues that by dividing the conspiracy into multiple charges and pursuing successive prosecutions, the Government violated the Double Jeopardy Clause. A single conspiracy consists of "one overall agreement to perform a variety of functions to achieve the objectives of the conspiracy, and may include subgroups or subagreements." *United States v. Guzman,* 852 F.2d 1117, 1120 (9th Cir.1988). The Government violates the Double Jeopardy Clause if it divides a single conspiracy into multiple prosecutions. *United States v. Bendis,* 681 F.2d 561, 563 (9th Cir.1981), *cert. denied,* 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982).

■ In *United States v. Mayo,* 646 F.2d 369 (9th Cir.) (per curiam), *cert. denied, subnom., Dondich v. United States,* 454 U.S. 1127, 102 S.Ct. 979, 71 L.Ed.2d 115 (1981), we set forth a five-factor test for determining whether two conspiracy counts charge the same offense and place the defendant in double jeopardy: "We compare[] the differences in the periods of time covered by the alleged conspiracies, the places where the conspiracies were alleged to occur, the persons charged as coconspirators, the overt acts alleged to have been committed, and the statutes alleged to have been violated." *Id.* at 372. The appellant bears the burden of establishing that two different conspiracy charges actually identify one overall conspiracy. *Bendis,* 681 F.2d at 564.

Elgersma has not demonstrated that the facts set forth in the Montana and Florida indictments involve a single conspiracy. The only correlation between the two indictments is that the criminal conduct alleged in each accusatory pleading occurred in roughly the same time period.

Aside from the fact that the alleged conduct occurred simultaneously, none of the other factors set forth in *Mayo* for determining whether two conspiracy charges violate double jeopardy correspond. The Florida indictment alleged importation and distribution activities that occurred solely

in Florida. With respect to the persons indicted in each jurisdiction as co-conspirators, only Elgersma and Robert Serry's names appear in both indictments. While the Montana indictment refers to the importation of cocaine as an overt act, no other overt acts are common to both indictments. Finally, each indictment alleges violations of different statutes.

No single factor in the *Mayo* test is determinative in demonstrating the division of a single conspiracy into multiple prosecutions. *Bendis*, 681 F.2d at 568. Elgersma has failed to sustain his burden of proving that the conspiracy charges contained in the Florida and Montana indictments actually constitute one overall agreement and thereby subject him to double jeopardy.

### V.

■ Elgersma further contends that prosecution under the Montana indictment is barred by the doctrine of collateral estoppel. The collateral estoppel principle protects a defendant "from having to 'run the gantlet' [sic] a second time." *Ashe v. Swenson*, 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970) (citing *Green v. United States*, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957)). It prevents the Government from relitigating issues that have been finally determined in a defendant's favor. *Pettaway v. Plummer*, 943 F.2d 1041, 1046 (9th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 296, 121 L.Ed.2d 220 (1992). The doctrine of collateral estoppel is inapplicable in this matter because Elgersma has not previously prevailed in the litigation of any issue.

AFFIRMED.