988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Carlos SANCHEZ-CORDOVA, Defendant-Appellant.
 No. 92-50269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-0648-JSR; John S. Rhoades, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Carlos Sanchez-Cordova appeals his conviction following jury trial for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Sanchez-Cordova contends the district court erred by denying his motion to dismiss the indictment due to a violation of the double jeopardy clause. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to dismiss an indictment on double jeopardy grounds. United States v. Elgersma, 979 F.2d 750, 752 (9th Cir.1992).
 
 
 4
 "The double jeopardy clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " Id. (quoting Grady v. Corbin, 495 U.S. 508, 516 (1990)). "[A] mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 112 S.Ct. 1377, 1382 (1992); accord Elgersma, 979 F.2d at 754. A subsequent prosecution is barred by double jeopardy if one of the two offenses is a lesser included offense of the other. Felix, 112 S.Ct. at 1384.
 
 
 5
 Here, on July 18, 1990, Sanchez-Cordova was charged by indictment in Case No. 90-0666-R with being a deported alien found in the United States on July 8, 1990 in violation of 8 U.S.C. § 1326. The indictment alleged a prior deportation occurring on July 6, 1990. On November 21, 1990, jury trial in Case No. 90-0666-R resulted in a hung jury and a mistrial was declared.
 
 
 6
 Subsequently, pursuant to an agreement between the parties, Sanchez-Cordova was charged on November 27, 1990 by a superseding information in Case No. 90-0666-R with a misdemeanor, illegal entry into the United States in violation of 18 U.S.C. § 1325. A stipulated facts trial, utilizing the testimony elicited at the prior jury trial, was conducted in November 27, 1990, and Sanchez-Cordova was found guilty. The superseding information omitted any mention of the alleged deportation on July 6, 1990.
 
 
 7
 On July 17, 1991, Sanchez-Cordova was arrested in Calexico, California and charged by indictment in Case No. CR-91-0648-JSR with being a deported alien found in the United States in violation of 18 U.S.C. § 1326. The indictment alleged a prior deportation occurring on July 6, 1990, the same prior deportation referenced in the original indictment in Case No. 90-0666-R. On December 18, 1991, Sanchez-Cordova was found guilty by jury trial of violating 18 U.S.C. § 1326.
 
 
 8
 Sanchez-Cordova attempts to convert his conviction on the lesser included offense in Case No. 90-0666-R to a finding that he was not previously deported from the United States on July 6, 1990. No such factual finding was ever made. The initial trial ended in a hung jury and the resolution of this factual issue was irrelevant in the subsequent stipulated facts trial.
 
 
 9
 Clearly, any indictment seeking to charge Sanchez-Cordova with being a deported alien found in the United States on July 8, 1990 would be barred by his conviction on the lesser included offense of illegal entry into the United States on that date. The instant indictment in Case No. CR-91-0648-JSR, however, charged Sanchez-Cordova with being a deported alien found in the United States on July 7, 1991, an entirely separate offense.
 
 
 10
 The mere fact that evidence of the same prior deportation was used in both the initial trial in Case No. 90-0666-R and the instant case is insufficient to require dismissal of the instant indictment on double jeopardy grounds. See Felix, 112 S.Ct. at 1382; Elgersma, 979 F.2d at 754.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3