995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary T. MOORE, Defendant-Appellant.
 No. 91-6585.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 15, 1993
Decided: June 14, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. John A. MacKenzie, Senior District Judge. (CR-88-16-NN, CA-91-3-NN)
 Gary T. Moore, Appellant Pro Se.
 Susan Lynn Watt, Office of the United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gary T. Moore, a federal prisoner, appeals from orders of the district court denying relief under 28 U.S.C. § 2255 (1988). For the reasons stated more fully below, we affirm.
 
 
 2
 Moore, a federal prisoner, was indicted by a grand jury in Virginia on twenty-five counts charging conspiracy to commit wire fraud, 18 U.S.C. § 371 (1988), wire fraud, 18 U.S.C.s 1343, conspiracy to convert government property, § 371, conversion of government property, 18 U.S.C. § 641 (1988), and mail fraud, 18 U.S.C. § 1341 (1988 & Supp. II 1990). He was also indicted by a grand jury in Florida on forty-five counts including charges under §§ 371, 1341, 1343, as well as 18 U.S.C. § 287 (1988), making fraudulent claims against the government, 18 U.S.C. § 1001 (1988), making false statements to a government agency, 18 U.S.C. § 1503 (1988), obstruction of justice, and 18 U.S.C. § 1962 (1988), Racketeering Influenced and Corrupt Organizations Act ("RICO") violations.
 
 
 3
 Moore was the president of several corporations engaged in the business of refurbishing and refilling pressurized gas cylinders and fire extinguishers. Moore's companies had numerous contracts with government agencies. The Virginia indictment alleged that Moore's employees forged required signatures of government employees on invoices, and then submitted these invoices to Moore's commercial lender, Maryland National Industrial Finance Corp. ("MNIFC"). MNIFC had a financing agreement with Moore's companies whereby it would extend credit to the companies on the basis of their accounts receivable, in which it then took a security interest. The invoices served as evidence of accounts receivable, and MNIFC wired money to the companies on the basis of these invoices. The Florida indictment charged that Moore and his employees had failed to perform services required by their contracts with the government, or performed services which were not required, and submitted invoices to the government for services not performed or performed unnecessarily.
 
 
 4
 Moore pled guilty to count one of the Virginia indictment (charging conspiracy to commit wire fraud), and counts two through twenty-one (charging wire fraud). A jury subsequently found him guilty on the remaining charges. Moore also pled guilty, pursuant to a plea agreement, to count one of the Florida indictment charging him with various conspiracies under § 371, and to count forty-five, the RICO count. Moore was ultimately sentenced in Florida to ten years on the RICO charge and was fined $100,000. All other sentences were either suspended or made to run concurrent with the RICO sentence. Several terms of supervised release were also imposed. In Virginia, Moore was sentenced to three years on each count in the original indictment, to run concurrent with each other but consecutive to the Florida sentence.[1]
 
 
 5
 Though Moore filed an appeal with this Court, he later withdrew it. Several of his co-conspirators did pursue an appeal and their convictions were affirmed. United States v. Mack, No. 89-5520 (4th Cir. Feb. 26) (unpublished), cert. denied, 59 U.S.L.W. 3245 (U.S. 1990). Moore subsequently filed a motion under Fed. R. Crim. P. 35(b) seeking to have the sentence imposed on the first Virginia indictment run concurrent with the Florida sentence. Though the district court did amend the sentence to make it subject to 18 U.S.C.s 4205(b)(2) (repealed 1984),[2] it denied the relief requested by Moore. Moore then filed the present motion under § 2255 in the Eastern District of Virginia, raising six grounds for relief. The court subsequently denied the motion without a hearing. Moore filed a timely notice of appeal.
 
 
 6
 Concluding that the district court had failed to make appropriate findings of fact and conclusions of law concerning Moore's ineffective assistance of appellate counsel claim, we remanded the case to the district court for the limited purpose of making further findings on this issue. On remand, the district court allowed both parties to submit additional evidence and argument but again declined to hold a hearing. After considering the additional material the court concluded that Moore voluntarily withdrew his appeal and had not received ineffective assistance of counsel. The record was recertified to this Court and we now consider all of Moore's claims.
 
 
 7
 We affirm the denial of relief on Moore's claims concerning proof of fraudulent intent, inaccurate information in the presentence report, failure of the prosecution to produce exculpatory material, and ineffective assistance of trial counsel on the reasoning of the district court. United States v. Moore, Nos. CR-88-16-NN, CA-91-3-NN (E.D. Va. Apr. 17, 1991, and Sept. 18, 1992). We likewise conclude that the district court did not abuse its discretion in declining to hold a hearing on the ineffective assistance of appellate counsel claim, and affirm the denial of relief on the merits of this claim on the reasoning of the district court. Id. Moore's claim that the Government failed to establish that MNIFC suffered any loss is meritless. Proof of financial loss to the victim or gain to the perpetrator is not an element of the offense of wire fraud under § 1343. United States v. Condolon, 600 F.2d 7, 8 (4th Cir. 1979). Accordingly, we affirm the denial of relief on this claim as well.
 
 
 8
 Moore also raised a double jeopardy claim. The government violates the Double Jeopardy Clause if it divides a single conspiracy into multiple prosecutions. United States v. Elgersma, 979 F.2d 750 (9th Cir. 1992). Moore claimed that the Florida and Virginia indictments covered the same conduct. Therefore, he contended, the Double Jeopardy Clause barred conviction under the Virginia indictment following his conviction under the Florida indictment.
 
 
 9
 In analyzing double jeopardy claims of this nature this Court applies a five-part "totality of the circumstances" test. United States v. Ragins, 840 F.2d 1184, 1188 (4th Cir. 1988); see also United States v. McHan, 966 F.2d 134, 140 (4th Cir. 1992). In addition, the Supreme Court has recently addressed the double jeopardy issue in Grady v. Corbin, 495 U.S. 508 (1990). The district court, relying on an earlier decision of this Court, Jordan v. Virginia, 653 F.2d 870 (4th Cir. 1980), denied relief. Although we analyze this claim differently than did the district court,[3] we find that Moore's convictions did not violate the Double Jeopardy Clause.
 
 
 10
 Under Ragins, the court must examine (1) the time periods covered by the conspiracies; (2) the places where the conspiracies occurred; (3) the persons charged as coconspirators; (4) the overt acts committed in furtherance of the conspiracies, or any other descriptions of the offenses charged which reveal the nature and scope of the activities prosecuted; and (5) the substantive statutes alleged to have been violated. 840 F.2d at 1189. While the two indictments overlap as to some elements, they do not overlap as to others.
 
 
 11
 After a thorough review of the record, we conclude that the Florida indictment and the Virginia indictment involved two separate, distinct conspiracies. The Virginia indictment involved Moore's fraudulent completion of documentation for financing from MNIFC, while the Florida indictment involved Moore's falsification of invoices for services rendered pursuant to his contracts with the government. In other words, Moore's actions were fraudulent as to two different entities under two different theories, and as such they were properly considered to be two different conspiracies. Consequently, we conclude that the two convictions did not violate the Double Jeopardy Clause.
 
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Moore was convicted first in Florida in 1989, and then in Virginia in 1990
 
 
 [2]
 Because Moore's offenses were completed before November 1, 1987, this statutory section remained applicable to him
 
 
 [3]
 The district court did not analyze Moore's double jeopardy claims to determine whether the conduct charged in the Florida indictment and that charged in the Virginia indictment involved a single conspiracy or multiple conspiracies, as it was required to do under Ragins