24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Alfredo CARRILLO-ESPINOZA, Defendant-Appellant.
 No. 93-10443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided May 5, 1994.
 
 Before: D.W. NELSON, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Carrillo-Espinoza ("Appellant") appeals the district court's denial of his motion to dismiss certain charges brought against him on double jeopardy grounds. We affirm.
 
 I.
 
 3
 On July 21, 1988, the United States filed an in rem forfeiture complaint that alleged numerous properties to constitute the "proceeds of controlled substance trafficking." United States v. Twenty Two Vehicles, No. CIV 88-496-TUC-WEB (D.Ariz. July 21, 1988). According to Appellant, the forfeiture action subsequently was settled, with Appellant agreeing not to contest the forfeiture of properties collectively valued up to $500,000.[1]
 
 
 4
 Subsequently, on May 8, 1991, a six-count indictment was filed against Appellant alleging tax evasion, conspiracy to defraud the United States, and money laundering. Two superceding indictments added a number of other charges that are not germane to this action. On April 14, 1993, Appellant filed a motion to dismiss the original six counts based on double jeopardy. He contended that, under United States v. Halper, 490 U.S. 435 (1989), the prior civil forfeiture proceeding constituted "punishment," and therefore precluded his subsequent prosecution for these offenses. The district court denied the motion without an opinion. This interlocutory appeal, pursuant to Abney v. United States, 431 U.S. 651, 659 (1977), followed. We review a double jeopardy claim de novo. See United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991).
 
 II.
 
 5
 Both Appellant and the government have briefed extensively the question of whether a prior civil forfeiture proceeding constitutes "punishment" under Halper, and thus would trigger the protections of the Double Jeopardy Clause. We need not reach this issue, however. Even if the Double Jeopardy Clause applies to civil forfeiture proceedings, but cf. United States v. Anderson, 18 F.3d 295, 299-301 (5th Cir.1994) (holding a civil forfeiture proceeding does not constitute punishment under Halper ), none of the challenged counts constitute the "same offense" as the prior civil forfeiture for double jeopardy purposes.
 
 A.
 
 6
 In United States v. Dixon, 113 S.Ct. 2849 (1993), the Supreme Court overruled the "same conduct" test announced in Grady v. Corbin, 495 U.S. 508 (1990), and held that the Double Jeopardy Clause bars successive prosecutions only when the previously concluded and subsequently charged offenses fail the "same elements" test articulated in Blockburger v. United States, 284 U.S. 299 (1932). See Dixon, 113 S.Ct. at 2860. Under the Blockburger test, punishment for two statutory offenses arising out of the same criminal act or transaction does not violate double jeopardy if " 'each provision requires proof of a fact which the other does not.' " United States v. Solomon, 753 F.2d 1522, 1527 (9th Cir.1985) (quoting Blockburger, 284 U.S. at 304); accord United States v. Colon-Osorio, 10 F.3d 41, 43 (1st Cir.1993); see also Dixon, 113 S.Ct. at 2856 ("The same-elements test ... inquires whether each offense contains an element not contained in the other....").
 
 
 7
 In Dixon, the justices divided over whether it was appropriate to examine only the specific statutory elements of an offense in undertaking the Blockburger analysis, or whether, in some circumstances, the inquiry should be broadened to include an examination of the particular allegations in the indictment. Compare Dixon, 113 S.Ct. at 2866-67 (Rehnquist, C.J., joined by O'Connor and Thomas, JJ.) with id. at 2855-59 (Scalia, J., joined by Kennedy, J.) (examining the facts alleged in the indictment) and id. at 2876 & n. 8 (White, J., joined by Stevens, J.) (same). Our circuit, prior to Dixon, held that "the statutory elements and not 'the particular manner in which the offense was committed' are controlling." Solomon, 753 F.2d at 1527 (quoting Walker v. Loggins, 608 F.2d 731, 733 (9th Cir.1979)). Because we would find Appellant's claim meritless under the broader test, we need not decide whether Dixon requires us to revisit Solomon. Cf. United States v. Liller, 999 F.2d 61, 63 (2d Cir.1993) (suggesting that a majority of the justices endorsed the broader approach). But cf. United States v. White, 1 F.3d 13, 16 (D.C.Cir.1993) ("The Blockburger analysis focuses strictly on the statutory elements of crimes...."), cert. denied, 114 S.Ct. 1053 (1994).
 
 B.
 
 8
 The civil forfeiture action was premised on 21 U.S.C. Sec. 881(a)(6). Each property was alleged to constitute "proceeds of controlled substance trafficking" and thus subject to forfeiture.[2] The controlled substance trafficking was alleged to have consisted of violations of 21 U.S.C. Secs. 841 and 960.
 
 
 9
 Count one of the second superceding indictment alleges a conspiracy to "defraud the United States of America by impeding, impairing, obstructing and defeating the lawful function of the Internal Revenue Service" in violation of 18 U.S.C. Sec. 371. To prove this count, the government does not need to demonstrate that the funds originated in a controlled-substance transaction. And, the controlled substance transaction, obviously, did not require proof of several elements required under 18 U.S.C. Sec. 371; for example, proof of an agreement. Moreover, even if possessing property traceable to illegal substance trafficking constituted a predicate offense of the conspiracy, the Supreme Court has held that a conspiracy charge and its predicate offenses are distinct for double jeopardy purposes. See United States v. Felix, 112 S.Ct. 1377, 1383-85 (1992). Consequently, the conspiracy count passes the Blockburger test.
 
 
 10
 Counts 2-4 charge tax evasion for 1985-87 in violation 26 U.S.C. Sec. 7201. Tax evasion requires demonstrating (1) the existence of a tax deficiency; (2) willfulness; and (3) an affirmative act constituting an evasion or attempted evasion. See Sansone v. United States, 380 U.S. 343, 350-51 (1965). None of these elements was required to render the seized property eligible for forfeiture, and, to prevail on the tax evasion counts, the government does not need to prove any of the elements required by 21 U.S.C. Sec. 881(a)(6). Thus, these counts too pass the Blockburger test.[3]
 
 
 11
 The charge of money laundering set forth in counts 5-6 of the indictment presents a closer issue. The civil forfeiture only required evidence that the forfeited property constituted "proceeds traceable" to an "exchange for a controlled substance in violation of this subchapter." 21 U.S.C. Sec. 881(a)(6). Money laundering under 18 U.S.C. Sec. 1956(a)(1)(B)(i) requires demonstrating that the defendant (1) "[k]now[s] that the property involved in a financial transaction represents the proceeds of some form of unlawful activity"; (2) "conducts or attempts to conduct such a financial transaction which in fact involves [such] proceeds"; and (3) "know[s] that the transaction is designed in whole or in part" to "conceal ... the ... source ... of the proceeds of the specified unlawful activity." 18 U.S.C.A. Sec. 1956(a)(1)(B)(i) (West Supp.1993); see also United States v. Chesney, 10 F.3d 641, 644 (9th Cir.1993), cert. denied, 62 U.S.L.W. 3658 (U.S. Apr. 11, 1994).
 
 
 12
 If the property purchased with the proceeds of a controlled substance transaction is the property which is the subject of the money laundering counts, then the civil forfeiture proceeding would not require proof of a fact that the money laundering count would not require. The prerequisites to demonstrating the property's eligibility for civil forfeiture--that the property can be traced to proceeds from controlled substance trafficking--would be subsumed completely within the second element required for money laundering. That is, proof of the property's eligibility for forfeiture would not require proof of an additional fact not required for demonstrating that property's involvement in money laundering. Accordingly, under these assumptions, the money laundering counts arguably would fail the Blockburger test.
 
 
 13
 However, in this case, the two properties that were alleged in the second superceding indictment to be the subject of the money laundering offenses were not listed in the civil forfeiture complaint. Thus, the money laundering counts will require the government to prove only that the two specific properties listed were purchased with the proceeds of a controlled substance transaction, while the prior civil forfeiture proceedings required such proof for all the other properties listed but not the properties that are the subject of the money laundering counts. Consequently, the civil forfeiture was premised on proof of facts not required for the money laundering counts: that the specific properties forfeited (and which are not the subject of the money laundering counts) were purchased from, or themselves constituted the proceeds of, a controlled substance violation. As the money laundering counts clearly require proof of a number of elements not necessary to establish eligibility for forfeiture, we conclude that the money laundering counts pass the Blockburger test.[4]
 
 C.
 
 14
 Because none of the counts challenged by Appellant fails the more expansive version of the Blockburger test, we conclude that none constitutes the "same offense" as the prior civil forfeiture for the purposes of the Double Jeopardy Clause. Although the properties forfeited and those which are the subject of the money laundering counts arose from the same course of criminal conduct, that is not sufficient for finding the two offenses the same for double jeopardy purposes. See Dixon, 113 S.Ct. at 2860-64; see also United States v. Saccoccia, 18 F.3d 795, 799 (9th Cir.1994) (holding that money laundering counts involving the same course of conduct did not constitute the same offense for double jeopardy purposes when they involved "distinct transactions occurring at different times in different venues"); United States v. Elgersma, 979 F.2d 750, 754 (9th Cir.1992) (holding that money laundering involving proceeds from drug trafficking of which defendant previously was indicted did not fail the Grady "same conduct" test). Accordingly, we conclude that none of the challenged counts is barred on double jeopardy grounds.
 
 III.
 
 15
 For the reasons stated above, the district court's denial of the motion to dismiss on double jeopardy grounds is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant failed to include a copy of the final forfeiture judgment in the district court record and in the materials provided to this court. However, because the government does not contest that a settlement, in fact, took place, we accept Appellant's account of these facts
 
 
 [2]
 Certain seized trailers also were alleged to have been used to transport controlled substances, and thus forfeitable under 21 U.S.C. Sec. 881(a)(4). The presence of this additional ground for the forfeiture does not affect our Blockburger analysis. Clearly, proving that the trailers were instrumentalities of the narcotics trafficking is a fact not required to prove any of the substance offenses challenged by Appellant
 
 
 [3]
 Indeed, both the tax evasion and conspiracy counts would pass Grady because none of these counts requires proof of any of the conduct that gave rise to the civil forfeiture
 
 
 [4]
 The money laundering counts also would survive the more expansive test set forth in Grady, which prohibited a successive prosecution when "to establish an essential element of an offense charged in that prosecution, [the government] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady, 495 U.S. at 521. Because different properties are involved, the common "conduct" that links the money laundering counts and forfeiture is evidence that the proceeds used to purchase the proprieties can be traced to a common course of illegal drug trafficking. However, we held in United States v. Elgersma, 979 F.2d 750 (9th Cir.1992), that the Grady "same conduct" test did not bar a subsequent prosecution for money laundering when the prior prosecution involved "importing and distributing cocaine" and when the overlapping evidence consisted of the "defendant's knowledge that the money used in the transactions originated from [the illegal importation]," id. at 754. Because the money laundering counts would survive this circuit's interpretation of Grady, it follows a fortiori that they pass either version of the Blockburger test