106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee RIES, Defendant-Appellant.
David Lee RIES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 96-10367, 96-10434, 96-15974.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1997.*
Decided Jan. 22, 1997.
 
 Before: LAY,** GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 David Ries appeals the district court's oral and written orders denying his motion to dismiss the indictment against him based on double jeopardy. He also petitions pro se for a writ of habeas corpus challenging his confinement in the Fresno County Jail. We ordered these cases consolidated for review. We affirm the district court's decision and deny the writ.
 
 DOUBLE JEOPARDY
 I. Introduction
 
 3
 Under the collateral order doctrine, we have jurisdiction pursuant to 28 U.S.C. § 1291 to review a pretrial order denying a motion to dismiss based on double jeopardy. See Abney v. United States, 431 U.S. 651, 662 (1977). We review de novo the district court's denial of a motion to dismiss on double jeopardy grounds. See United States v. Wright, 79 F.3d 112, 114 (9th Cir.1996). The district court held that Ries's claim was "wholly without merit and frivolous." See Order and Findings Re: Defendant's Motion to Dismiss for Alleged Violation of the Double Jeopardy Clause (Sept. 25, 1996) (hereinafter "Order Re: Motion to Dismiss"), ER at 236. We agree and therefore affirm the district court's denial of the motion.
 
 II. Background
 
 4
 After a jury trial in the Sacramento Division of the Eastern District of California, the defendant was convicted under 18 U.S.C. § 371 of conspiracy to violate 18 U.S.C. §§ 513(a) and 1344 in a scheme to make false "warrants" drawn on the National Bank of Oregon and to present these fictitious securities in an attempt to get two prisoners released from custody and to retrieve assets seized by the United States Postal Service. For this same conduct, Ries was also convicted of making counterfeit and forged securities in violation of 18 U.S.C. § 513(a). District Judge Edward J. Garcia sentenced Ries to sixty-three months in prison and ordered him to pay a $12,500 fine. Ries appealed and we affirmed his conviction in United States v. Ries, 100 F.3d 1469 (9th Cir.1996).
 
 
 5
 On June 22, 1995, Ries was indicted in the Fresno Division of the Eastern District. The Fresno indictment charges him with violations of 18 U.S.C. §§ 371, 912, and 1505 for his role in a conspiracy to obstruct the lawful function of the Internal Revenue Service through filing false arrest warrants, attempting to force removal of an IRS wage levy, falsely impersonating a government official, and harassing and assaulting a county employee. See Indictment (June 22, 1995), ER at 31. On December 21, 1995, the government issued a superseding indictment that named two additional defendants but was identical to the first in all other respects. See Indictment (Dec. 21, 1995), ER at 1.
 
 III. Proceedings in the District Court
 
 6
 Ries initially advanced his double jeopardy argument on February 20, 1996 by filing pro se in the district court a petition for habeas corpus pursuant to 28 U.S.C. § 2241. The court ruled that Ries misnamed the United States as respondent instead of his custodian, the Sheriff of Fresno County who supervises the county jail. See Memorandum Opinion and Order Re: Defendant's Application for Writ of Habeas Corpus (Mar. 21, 1996), ER at 163. The court also held that habeas was the improper means for Ries to request relief and allowed the defendant to reformulate and refile his habeas claim as a motion to dismiss the indictment based on double jeopardy. See id. On March 26, 1996, Ries filed a timely notice of appeal of the district court's ruling with our court. That appeal is numbered 96-15974.
 
 
 7
 On March 18, 1996, through his attorney, Ries filed a motion to dismiss the charges against him on the basis of double jeopardy. During a hearing on July 22, 1996, the district court denied the motion from the bench. Ries filed a notice of appeal of this oral ruling on July 22, 1996. That appeal is numbered 96-10367.
 
 
 8
 On September 25, 1996, the court issued a written order explaining its reasons for denying Ries's previous motion to dismiss on double jeopardy grounds. See Order Re: Motion to Dismiss, ER at 226. Ries also appealed this written order. That appeal is numbered 96-10434.
 
 IV. Merits of the Double Jeopardy Claim
 
 9
 Ries claims that the Fresno indictment places him twice in jeopardy in violation of the Fifth Amendment for the same offense of which he was previously convicted in Sacramento. He argues that the two conspiracies for which he has been charged impermissibly overlap. Ries bears the burden of establishing that these two different conspiracy charges actually identify a single overall conspiracy. See United States v. Elgersma, 979 F.2d 750, 754 (9th Cir.1992). We conclude that as Ries's contention has no basis in fact or law, he has not carried this burden.
 
 
 10
 We employ a five-factor test to determine whether these two conspiracy counts charge the same offense and therefore place Ries in double jeopardy. See id. We compare (1) the differences in the period of time covered by the alleged conspiracies, (2) the places where the conspiracies allegedly took place, (3) the persons charged as conspirators, (4) the overt acts alleged to have been committed, and (5) the statutes alleged to have been violated. See id. (quoting United States v. Mayo, 646 F.2d 369, 372 (9th Cir.), cert. denied sub. nom., Dondich v. United States, 454 U.S. 1127 (1981)). No single factor in this test controls the determination. See United States v. Guzman, 852 F.2d 1117, 1121 (9th Cir.1988). Mere interrelationship between conspiracies is not enough to run afoul of the constitutional prohibition of double jeopardy. See id. (quoting United States v. Ingman, 541 F.2d 1329, 1331 (9th Cir.1976)).
 
 1. Time Period
 
 11
 The time period charged in the Sacramento case commenced June 1, 1992 and ended not later than July 13, 1993, while the conspiracy in the Fresno indictment is alleged to have operated over a three year period from April 1, 1992 to April 10, 1995. Although, as Ries points out, the time period alleged in the Fresno indictment "totally encompasses" the time alleged in the Sacramento indictment, all of the overt acts in the Fresno conspiracy are alleged to have occurred more than a year after the last date of any of the events in the Sacramento case. Thus, as the district court held, "[t]he overlap of time is minimal." See Order Re: Motion to Dismiss, ER at 234.
 
 2. Geographic Scope
 
 12
 The two alleged conspiracies occurred in entirely different locations. The Sacramento case involved presentation of fake "warrants" in the name of the Portland Electric Power Company (PEPCO) and purported to be drawn on the National Bank of Oregon to officials in Santa Clara County and Sacramento County. In contrast, the Fresno case alleges obstruction of the IRS in Stanislaus County, primarily in Modesto, and violent attack of the Stanislaus County Recorder.
 
 3. Participants
 
 13
 The appellant, David Ries, is the only person alleged to have participated in both conspiracies. Marmoru Yamaichi, the only other participant in the Sacramento case, is not named or suggested to be a conspirator in the Fresno case which involves eight people in addition to Ries. That both indictments allege "unknown" participants or that some of the Fresno conspirators were mentioned in testimony at the Sacramento trial does not demonstrate overlap in conspiracy membership.
 
 4. Overt Acts
 
 14
 There are no common overt acts alleged in the two conspiracies nor are any charged. In the Sacramento case, Ries was convicted of involvement in a conspiracy in which fictitious securities, drawn on a private bank and totalling more than $13 million, were used to release two prisoners from custody and as a cost bond against assets seized by the United States Postal Service. The Fresno prosecution concerns an alleged conspiracy to obstruct the IRS in proceedings involving a tax levy on one of the co-conspirator's wages. Ries is alleged to have falsely impersonated a government official in demanding that this tax levy be removed. The Fresno conspirators are also alleged to have attacked the Stanislaus County Recorder in her garage with a gun and a knife for refusing to file documents they presented to her. In contrast to the Sacramento prosecution, there are no allegations of securities or bank fraud in the Fresno case. Ries's claim that both cases involved fictitious "warrants" is beside the point. The alleged forged "warrants" in the Fresno case are different instruments with no relation to the amount and purpose of the "warrants" in the Sacramento prosecution.
 
 5. Statutes Alleged Violated
 
 15
 Although both indictments charge the generic crime of conspiracy pursuant to 18 U.S.C. § 371, the alleged goals, purposes, and operation of each conspiracy are distinct. The Sacramento case involved a conspiracy to use counterfeit securities to obtain benefit. The Fresno case alleges a conspiracy to obstruct the proceedings of the IRS. In addition, the underlying statutory violations in each conspiracy are different. Ries was convicted in the Sacramento case of conspiracy to violate 18 U.S.C. § 513(a), making counterfeit securities, and 18 U.S.C. § 1344, defrauding a financial institution. In contrast, in the Fresno indictment, he is alleged to have conspired to obstruct the proceedings of a government agency in violation of 18 U.S.C. § 1505.
 
 
 16
 In sum, the only correlation between the Fresno and Sacramento cases is that both allege conspiracies involving the defendant, David Ries, and both allege forgery of documents and presentation of those documents to gain various unrelated benefits. Ries's double jeopardy claim thus fails under each of the five Mayo factors. "Because there is no identity of activities, no identity of criminal charges, no identity of participants, and no temporal relationship whatever between the two cases," we affirm the district court's denial of Ries's motion to dismiss the indictment on double jeopardy grounds. See Order Re: Motion to Dismiss, ER at 236.
 
 HABEAS CORPUS
 
 17
 Ries's petition for habeas raises two principal complaints. First, he argues that the government failed to comply with the requirements set forth in 28 U.S.C. § 2243 by filing its response late. This contention is without merit. Section 2243 requires a response within three days--or twenty days for good cause--from the time the court "direct[s] the respondent to show cause why the writ shall not be granted," not from the date the petitioner files the petition. 28 U.S.C. § 2243. At a hearing on February 12, 1996, the court first ordered the response and set a filing deadline of February 26th. The government complied with this deadline by filing its response on February 26th. See Government's Opposition to Defendant Ries' Pro Se Application for Writ of Habeas Corpus (Feb. 26, 1996), ER at 89.
 
 
 18
 Second, Ries argues that the filing of the superseding Fresno indictment, which simply named two additional defendants, violates the Double Jeopardy Clause because punishment (in the form of denial of bail) was already inflicted on him pursuant to the first Fresno indictment. He notes that the superseding Fresno indictment charges him with the same crimes as the first. Ries failed to raise this claim before the district court and therefore has waived his right to raise it on appeal. Moreover, the filing of a superseding indictment is the proper way to amend an indictment and superseding indictments do not implicate double jeopardy.
 
 
 19
 To the extent that Ries's petition also alludes to the double jeopardy issue involving the Sacramento prosecution, it is duplicative of his motion to dismiss the indictment. For the reasons detailed above, that claim is without merit.
 
 
 20
 The decision is AFFIRMED. The writ is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3