141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Dewayne RILEY, Petitioner-Appellant,
v.
Rosie B. GARCIA, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56415.
D.C. No. CV-95-03466-KN.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 2, 1998.
Decided March 23, 1998.
 
 Appeal from the United States District Court for the Central District of California, David V. Kenyon, District Judge, Presiding.
 Before BRUNETTI, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jack Dewayne Riley appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. We affirm.
 
 A. CALJIC No. 3.02
 
 3
 The state trial court did not violate Riley's Fifth or Sixth Amendment rights by instructing the jury with CALJIC No. 3.02 after the jury had begun deliberations.
 
 
 4
 First, Riley's argument that the reading of this instruction violated the Double Jeopardy Clause of the Fifth Amendment is without merit. He mischaracterizes the State's theory at both trials. Riley was never charged with assault with a deadly weapon and at no point did the State argue that the charges were based on a felony-murder theory. Both trials were based on a theory of aiding and abetting. Nothing in the Constitution prevents the State from employing a theory of aider and abettor liability with regard to the second-degree murder charge.
 
 
 5
 Second, there was no unconstitutional ambush because there was no change in the State's theory by the reading of this supplemental instruction. Throughout the trial, the State consistently maintained its theory of aiding and abetting. CALJIC No. 3.02 is merely an extension of CALJIC No. 3.01, the aiding and abetting instruction that was given to the jury before it retired, and did not amount to a change in the theory of prosecution.
 
 
 6
 Finally, Riley is correct that the trial court improperly failed, under California law, to instruct the jury sua sponte as to which crime or crimes counted as "originally contemplated" within CALJIC No. 3.02. In People v. Prettyman, 14 Cal.4th 248, 58 Cal.Rptr.2d 827, 926 P.2d 1013 (Cal.1996), the California Supreme Court held that "when the prosecutor relies on the 'natural and probable consequences' doctrine, the trial court must identify and describe the target crimes that the defendant might have assisted or encouraged." Id. at 829. As read by the trial court in this case, the supplemental jury instruction was erroneous under state law, as later authoritatively declared by the California Supreme Court.
 
 
 7
 Federal review of an allegedly erroneous jury instruction challenged collaterally is extremely limited. "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). A challenge in habeas to the trial court's jury instructions is reviewed under the standard contained in Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); namely, "whether the error had substantial and injurious effect or influence in determining the jury's verdict." California v. Roy, 519 U.S. 2, ----, 117 S.Ct. 337, 338, 136 L.Ed.2d 266 (1996) (citation omitted).
 
 
 8
 Any error the trial court committed under Prettyman was harmless. Given the evidence presented by the State and Riley's defense strategy, there was no risk that the jury would be confused by the trial court's reading of CALJIC No. 3.02. As in Prettyman, there is no evidence that Riley "aided and abetted any noncriminal behavior which led, as a 'natural and probable consequence' " to the murder. Prettyman, 58 Cal.Rptr.2d at 842, 926 P.2d 1013. We agree with the California Court of Appeal's analysis of this issue in its disposition of Riley's direct appeal:
 
 
 9
 The conclusion is inescapable that defendant expected and planned for violence upon his arrival with Hayden at the motel. He supplied the firepower; he voluntarily undertook to drive Hayden back to the motel for an all-but-certain confrontation. He intentionally aided and abetted Hayden to commit the shooting.
 
 
 10
 People v. Riley, No. E011269, at 20-21 (Cal.Ct.App. Dec.16, 1993). There was no due process violation here.[1]
 
 B. Double Jeopardy
 
 11
 Riley is incorrect that the Double Jeopardy Clause's prohibition against multiple punishments was violated by his conviction as a principal and an accessory after the fact. Those two charges were entirely separate crimes, involving distinct and independent legal elements, and involving two separate acts: (1) aiding and abetting the second-degree murder by giving the principal the gun and driving him to the scene of the murder, and (2) being an accessory after the fact by driving the principal away from the scene of the crime and attempting to conceal the gun the next day by giving it to a business partner for safekeeping. As crimes distinct in law and in fact, Riley's conviction for second-degree murder following his conviction for being an accessory after the fact did not violate the Double Jeopardy Clause. See United States v. Elgersma, 979 F.2d 750, 752-53 (9th Cir.1992).
 
 
 12
 Further, Riley incorrectly argues that the Double Jeopardy Clause's prohibition against multiple prosecutions was violated when he was convicted of second-degree murder after his acquittal for first-degree murder. The fact that Riley was acquitted of first-degree murder and the trial court declared a mistrial on the charge of second-degree murder due to a deadlocked jury did not bar Riley's subsequent retrial and conviction on the second-degree murder charge. United States v. Cawley, 630 F.2d 1345, 1348 (9th Cir.1980).
 
 C. Previously Suppressed Statements
 
 13
 It is now well settled that statements obtained in violation of a defendant's Miranda rights may not be presented by the State during its case-in-chief, but may be used to impeach the defendant's testimony. Michigan v. Harvey, 494 U.S. 344, 350-51, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990). That is precisely what occurred here. On direct examination, Riley testified that he "had no idea [Hayden] was going to do what happened" and that Hayden "always seemed real kind of timid," supporting his theory that he had no reason to believe Hayden would become violent that night while armed with a loaded revolver. On cross-examination, the State attempted to demonstrate that Riley indeed had reason to believe that Hayden had a propensity for violence given Riley's knowledge of Hayden's admission that he had shot someone in Arizona. This is classic impeachment and justified the trial court's admission of this previously suppressed statement.[2]
 
 D. Riley's Character Evidence
 
 14
 Riley bears a heavy burden in seeking a writ of habeas corpus on the ground that evidence was improperly excluded from his trial:
 
 
 15
 "Incorrect state court evidentiary rulings cannot serve as a basis for habeas relief unless federal constitutional rights are affected." Lincoln v. Sunn, 807 F.2d 805, 816 (9th Cir.1987). The state court's decision to exclude certain evidence must be so prejudicial as to jeopardize the defendant's due process rights.
 
 
 16
 Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990) (citation omitted). To determine whether the trial court's exclusion of Riley's character evidence "reaches constitutional proportions," we consider the following five factors:
 
 
 17
 (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense.
 
 
 18
 Id.
 
 
 19
 The evaluation of these factors does not help Riley's cause. As the magistrate judge concluded, the proffered character evidence had "marginal probative value" on the central issue in the case; namely, whether Riley was guilty of murder as an aider and abettor. Conceding that the evidence from Riley's employer regarding his character might have been reliable and was capable of evaluation by the jury, it was not the sole evidence regarding Riley's character and certainly did not constitute a major part of Riley's defense. Therefore, the exclusion of this evidence did not deny Riley a fair trial in violation of his due process rights.
 
 E. Judicial Misconduct
 
 20
 As a claim brought as part of a habeas appeal, "we must ask whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir.1995). "To sustain a claim of this kind, there must be an 'extremely high level of interference' by the trial judge which creates 'a pervasive climate of partiality and unfairness.' " Id. (quoting United States v. DeLuca, 692 F.2d 1277, 1282 (9th Cir.1982)). The alleged instances of judicial misconduct cited by Riley do not rise to the high standard described in Duckett, and therefore, this claim was properly rejected.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Riley's argument that Prettyman held that the instructional error here is tantamount to a failure to instruct the jury on certain elements of the crime charged is simply incorrect. See Prettyman, 58 Cal.Rptr.2d at 840-42, 926 P.2d 1013
 
 
 [2]
 The resolution of this issue renders moot Riley's additional argument that the State engaged in prosecutorial misconduct. Because the evidence was admissible for purposes of impeachment, there was no prosecutorial misconduct